J. D. SMITH v. THE STATE.

No. 2416.    Decided April 23, 1913.

1.—Bigamy—Statement of Facts.

Where the record on appeal showed that the appellant failed to comply with the provisions of the law in presenting and filing a statement of facts, the judgment can not be reversed for a failure to secure a statement of facts.

2.—Same—Indictment.

Where, upon trial of bigamy, the indictment followed approved precedent, there was no error in overruling a motion to quash. Following Bryan v State, 63 Texas Crim. Rep., 200; 139 S. W. Rep., 981.

Vol. 70 Crim.-16.

Appeal from the District Court of Wichita. Tried below before the Hon. Jo A. P. Dickson.

Appeal from a conviction of bigamy; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.—On question of sufficiency of the indictment: Hull v. State, 7 Texas Crim. App.; 593; Branch Crim. Law, secs. 136, 137.

HARPER, JUDGE.—Appellant was prosecuted and convicted of bigamy, from which judgment he prosecutes this appeal.

There is an affidavit of Mr. Wm. N. Bonner, who represented appellant on the trial of the case, without fee or hope of reward, as shown by his affidavit, and on which he asks us to reverse the case because appellant had been deprived of a statement of facts. He does not show that appellant ever filed an affidavit stating that he was too poor to pay the stenographer to make out a statement of facts. It is true that Mr. Bonner states he verbally applied to the court to require the stenographer to furnish a statement of facts, but the court declined to accede to this verbal request. Mr. Bonner then states he made out a statement of facts and submitted it to the district attorney, who declined to agree to it, but nowhere does the affidavit show that appellant's attorney presented to the judge who tried the case a copy of this statement of facts, nor that he requested the judge to make out one. It is true that in his affidavit he states the district attorney told him the judge would not do so, but the law required of Mr. Bonner, in the event of failure to agree with the district attorney, to in person present the trial judge with such statement, at the time informing him of such disagreement, requesting him to prepare and file a statement of the evidence. Having failed to comply with these provisions of the law, he is not entitled to have the case reversed because of his failure to secure a statement of facts.

There are no bills of exception in the record, nor is it made to appear that any were ever prepared and submitted to the court.

The indictment in this case has been frequently approved by this court, consequently the court did not err in overruling the motion to quash it. Bryan v. State, 63 Texas Crim. Rep., 200, 139 S. W. Rep., 981, and cases there cited.

*Affirmed.*